IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEREMIAH ANTHONY HAVIS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Civil No. 2:16-cv-00435-DN<br>(Crim. No. 2:14-cr-00383-DN)<br><br>District Judge David Nuffer |

Petitioner Jeremiah Anthony Havis seeks to vacate and correct his prison sentence under 28 U.S.C. § 2255.[1] He asserts that his sentence resulted from an enhancement based on an application of the residual clause of United States Sentencing Guidelines ("USSG") § 4B1.2(a), defining "crime of violence," to the guideline for the offense to which he plead guilty, USSG § 2K2.1(a)(4)(A).[2] He argues that the residual clause of USSG § 4B1.2(a) is unconstitutionally vague and that its use to enhance his sentence violated his right to due process and requires his resentencing.[3] He also argues that it was error to enhance his sentence through application of USSG § 4B1.2(a) because his prior Colorado state conviction for felony menacing does not qualify as a crime of violence.[4]

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed May 23, 2016.

[2] *Id*. at 6-9

[3] *Id*.

[4] *Id*. at 5-6.

Mr. Havis's arguments rely on two United States Supreme Court decisions:

- *Johnson v. United States*,[5] which held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" is unconstitutionally vague; and

- *Welch v. United States*,[6] which held that *Johnson* announced a new substantive rule that has retroactive effect on collateral review.

However, after the submission of Mr. Havis's § 2255 Motion,[7] the Supreme Court issued its decision in *Beckles v. United States*.[8] The issue in *Beckles* was whether the analysis of *Johnson* and *Welch* apply to render the residual clause of USSG § 4B1.2(a), defining "crime of violence," unconstitutionally vague.[9] The Supreme Court concluded it did not, holding that "the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause and that [USSG] § 4B1.2(a)'s residual clause is not void for vagueness."[10]

Mr. Havis was given notice of the *Beckles* decision and encouraged to review and determine its applicability to his § 2255 Motion.[11] He also was directed to file a status report indicating whether he requests the case be voluntarily dismissed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, or proceed to a merits review of his § 2255 Motion.[12]

On May 26, 2017, Mr. Havis filed a Response indicating that he reviewed the *Beckles* decision and determined it "prevents him from being able to obtain relief from his claim that the residual clause of USSG § 4B1.2(a) is unconstitutionally vague and that its use to enhance his

---

[5] 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

[6] 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

[7] Docket no. 1, filed May 23, 2016.

[8] 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).

[9] *Id*.

[10] *Id*. at 895.

[11] Order for Status Report and Taking Under Advisement § 2255 Motion, and Notice at 2, docket no. 5, entered Apr. 20, 2017.

[12] *Id*. at 3.

sentence violated his right to due process."[13] He nevertheless requested that his § 2255 Motion proceed to a merits review.[14] Mr. Havis argued that "*Beckles* and *Dean* authorizes [sic] the Court to resentence him below the advisory career offender Guideline range… if the Court was under the belief that it had to sentence [him] within the guideline range for the career offender."[15] He further argued that his prior Colorado state conviction for felony menacing no longer qualifies as a crime of violence under the Supreme Court's analysis in *Johnson*.[16]

Mr. Havis is correct that *Beckles* precludes relief on his claim that the residual clause of USSG § 4B1.2(a) is unconstitutionally vague and its use to enhance his sentence violated his right to due process. In *Beckles*, the Supreme Court expressly held that the sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause and that [USSG] § 4B1.2(a)'s residual clause is not void for vagueness."[17] Therefore, Mr. Havis is entitled to no relief under § 2255 on this claim.

Mr. Havis is also entitled to no relief under § 2255 on his other claims—that the court believed a sentence within the guideline range was mandatory, and that Colorado felony menacing does not qualify as a crime of violence.[18] The transcript of Mr. Havis's sentencing hearing conclusively shows that his counsel requested a deviation from the guideline range.[19] This request was considered and ultimately rejected because a guideline range sentence was

---

[13] Response/Request to the Court's Order Dated April 20, 2017 ("Response") ¶ 1, docket no. 6, filed May 26, 2017.

[14] *Id*. ¶¶ 2-3.

[15] *Id*. ¶ 3.

[16] *Id*. ¶ 2.

[17] *Id*. at 895.

[18] § 2255 Motion at 5-6, docket no. 1, filed May 23, 2016; Response ¶¶ 2-3, docket no. 6, filed May 26, 2017.

[19] Transcript of Sentencing dated Jan. 21, 2015 ("Transcript") at 5:5-6:18, docket no. 2, filed Aug. 11, 2016.

appropriate under the circumstances, not because of a belief that a sentence within the guideline range was mandatory:

> Based on the information presented to me by counsel, and I'm very appreciative of the information, and on my review of the presentence report and the sentencing guidelines, it appears to me that a guideline range sentence is appropriate and I sentence the defendant to serve 63 months in the custody of the Bureau of Prisons.[20]

Moreover, the Tenth Circuit Court of Appeals has held that "Colorado felony menacing is categorically a violent felony for purposes of the [ACCA and a violent crime] under USSG § 4B1.2(a)."[21] This precedent was discussed at Mr. Havis's sentencing hearing and the issue was conceded by his counsel.[22] The Supreme Court's analysis in *Johnson* on this issue merely reaffirmed that a determination of whether a crime qualifies as a violent felony "requires courts to use a framework known as the categorical approach"[23] wherein the crime is assessed "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."[24] The Tenth Circuit implemented this approach in holding that Colorado felony menacing is a violent crime under USSG § 4B1.2(a).[25] Therefore, *Johnson* does not undermine the Tenth Circuit's precedent and Colorado felony menacing is a crime of violence under USSG § 4B1.2(a).

---

[20] *Id*. at 9:7-12.

[21] *United States v. Villalobos-Varela*, 440 Fed. App'x 665, 668 (10th Cir. 2011) (citing *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005); *United States v. Armijo*, 651 F.3d 1226, 1233 (10th Cir. 2011)).

[22] Transcript at 2:9-17, 6:1-16, 8:20-9:2, docket no. 2, filed Aug. 11, 2016.

[23] 135 S.Ct. at 2557 (citing *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

[24] *Id*. (quoting *Begay v. United States*, 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)).

[25] *Armijo*, 651 F.3d at 1230-33.

Therefore, because Mr. Havis's § 2255 Motion[26] and the files and records of the case conclusively show that he is entitled to no relief on his claims, further proceedings are unnecessary[27] and his § 2255 Motion is DENIED and DISMISSED.

## ORDER

IT IS HEREBY ORDERED that Mr. Havis's § 2255 Motion[28] is DENIED and DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, Mr. Havis is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed June 9, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[26] Docket no. 1, filed May 23, 2016.

[27] 28 U.S.C. § 2255(b).

[28] Docket no. 1, filed May 23, 2016.